# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALLEN DOTSON, EDDIE CITCHEN,
MARK JARVIS, KENNETH OAKLEY,
CARLTON REEVES, and STEVEN ZENKER,

    Plaintiffs,

v.                                   Case No. 08-CV-13118

ARKEMA, INC.,

    Defendant.
                                         /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is a motion to dismiss, filed on August 14, 2008 by Defendant Arkema, Inc. On October 8, 2008, the court held a hearing on the matter, and for the reasons stated below, the court will deny the motion.

## I. INTRODUCTION

On July 21, 2008, Plaintiffs Allen Dotson, Eddie Citchen, Mark Jarvis, Kenneth Oakley, Carlton Reeves, and Steven Zenker filed this action, alleging breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, fraud, innocent misrepresentation, and breach of contract under Michigan state law. (Pl.'s Compl. ¶¶ 17-35.) Defendant argues that the February 28, 2006 Terms of Separation Agreement ("Separation Agreement") does not constitute an ERISA plan, and therefore Plaintiffs cannot bring a claim under ERISA. (Def.'s Mot. at 2.) In addition, Defendant argues that § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempts Plaintiffs' remaining claims and precludes

Plaintiffs from proceeding on those claims.

## II.  BACKGROUND

On February 28, 2006, Defendant signed the Separation Agreement.  (Pl.'s Compl. ¶ 7.)  The Separation Agreement provides in relevant part:

> (1) **Separation pay**: Each eligible active employee shall receive $1,000.00 for each year of completed service or not less than a minimum of 12 weeks of pay at their weekly pay rate, payable on a regular payday cycle, less any applicable withholdings and/or deductions.
>
> (2) **Eligibility**: Separation pay shall apply to all active employees, on a voluntary, first, basis.
>
> (3) **Ineligibility**: Employees who voluntarily terminate their employment or leave the Company prior to their official release from work, without the specific approval fo the Company/Plant Manager will be ineligible for any pay or benefits provided herein.  Employees discharged for cause shall also be ineligible for any pay or benefits provided herein.
>
> . . .
>
> (7) **Retirement Plan**: Eligible active employees pension entitlements will be calculated as of the last day of the month in which their employment is terminated.  Active employees who elect to retire when terminated will be eligible for medical insurance, as provided for in the labor agreement.  Employees who are, or become age 53 or older by December 31, 2006, and who are otherwise eligible for severance will be permitted to accrue two additional years of age, but not service in the Arkema Inc. Retirement Plan.

(Pl.'s Resp. Ex. 2.)  In addition to the separation pay and retirement grow-in provision outlined above, the Separation Agreement also includes continuation of medical, life, and dental insurance and provision of outplacement services.  (Pl.'s Resp. Ex. 2.)  On May 1, 2007, Defendant notified Plaintiffs that Defendant would not continue to employ Plaintiffs after April 30, 2007.  (Pl.'s Compl. ¶ 16.)  Defendant subsequently refused to pay benefits to Plaintiffs under the Separation Agreement because Plaintiffs did not

2

notify Defendant early enough of their decision to terminate employment.[1]  (Pl.'s Compl. ¶ 11.)

### III.  STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true.  *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002).  In doing so, "the court must draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citing Fed. R. Civ. P. 8(a)).  Further, the complaint must "give the defendant fair notice of what the plaintiff's

---

[1] Paragraph 11 of Plaintiffs' Complaint states: "Defendant has refused to pay plaintiffs the separation pay, alleging they had to notify defendant by May 19, 2006, of their intent to terminate their employment before December 31, 2006."  (Pl.'s Compl. ¶ 11.)  Defendant, however, alleges that it denied Plaintiffs benefits because Plaintiffs did not "volunteer" as required by the Separation Agreement's eligibility provision.  (Pl.'s Resp. Ex. 2. ¶ 2.)

3

claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 127 S.Ct. 1955). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## IV. DISCUSSION

### A. ERISA Plan

Plaintiffs argue that the Separation Agreement constitutes an "employee welfare benefit plan" ("ERISA plan") under 29 U.S.C. § 1002(1) such that ERISA applies to the Separation Agreement with Defendant. (Pl.'s Resp. at 9-10.) In contrast, Defendant argues that the Separation Agreement is not an ERISA plan because it is not discretionary nor does it require ongoing administration; therefore Plaintiffs have not stated a claim under ERISA. (Def.'s Mot. at 3.) The statute defines an ERISA plan as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, appreticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1). Section 186(c), as referred to in the statute, specifically includes "severance or similar benefits" within the type of plans considered ERISA plans. 29

4

U.S.C. § 186(c)(6). While the statute allows inclusion of the Separation Agreement within its purview as a severance plan, courts have developed further refinements regarding what distinguishes an ERISA plan from a non-ERISA plan. *See, e.g.*, *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1 (1987) (holding that ERISA did not preempt a state statute because the state statute regarding severance pay did not attempt to regulate an ERISA plan). In particular, the Supreme Court has said non-ERISA plans are those which "create[] no need for an ongoing administrative program for processing claims and paying benefits." *Id.* at 12.

To determine whether a severance plan constitutes an ERISA plan, the Sixth Circuit "look[s] to the nature of the plan" by examining two specific factors. *Cassidy v. Akzo Nobel Salt, Inc.*, 308 F.3d 613, 616 (6th Cir. 2002). The Sixth Circuit factors, however, are not two prongs of a conjunctive test but are factors to aid a court in determining whether a severance plan meets the Supreme Court's requirement of an "ongoing administrative program for processing claims and paying benefits." *Fort Halifax*, 482 U.S. at 12; *see also Kolkowski*, 448 F.3d at 848-49; *Cassidy*, 308 F.3d at 616; *Shahid*, 76 F.3d at 1409-10. The Sixth Circuit first examines the "degree of discretion retained by the employer over the distribution of benefits."[2] *Cassidy*, 308 F.3d at 616. Severance plans that involve "[s]imple or mechanical determinations" do not constitute ERISA plans. *Sherrod v. Gen. Motors Corp.*, 33 F.3d 636, 638 (6th Cir.

---

[2] The court recognizes that the Sixth Circuit has also used the *Dillingham* test, *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982), to determine whether a plan constitutes an ERISA plan; however, while the Sixth Circuit continues to use the *Dillingham* test in most such determinations, the Sixth Circuit has developed the more specific test outlined here in determining whether a *severance* plan constitutes an ERISA plan. *See Kolkowski*, 448 F.3d at 849.

5

1994) (finding that a severance plan that provided for a one-time payment for employees who ceased working did not constitute an ERISA plan because the plan required no continuing administration and a collective bargaining agreement predetermined payment amounts). The Sixth Circuit also inquires whether "the delivery of benefits creates an on-going demand on employer assets." *Cassidy*, 308 F.3d at 616 (finding that an ERISA plan existed because a severance plan allowed employees to choose between a lump sum payment and a two-year salary continuation; the company president had discretion in some cases; employees with five or more years of service could choose between normal severance payment and a series of monthly payments that began at retirement age; the plan permitted extension of medical, dental, and life insurance benefits; and the plan provided career transition services). However, when an employer assumes no responsibility for "periodic demands on its assets," the "need for financial coordination and control" that ERISA seeks to satisfy is not implicated. *Fort Halifax*, 482 U.S. at 12.

Plaintiffs primarily rely upon *Kolkowski v. Goodrich Corp.*, 448 F.3d 843 (6th Cir. 2006), to argue that the Separation Agreement is an ERISA plan because (1) it requires employer discretion in determining employee eligibility under the Separation Agreement, and (2) it makes possible ongoing payments, rather than a single, lump sum payment, in the form of severance payments, medical, dental, and life insurance benefits, outplacement services, and a retirement "grow-in" provision. (Pl.'s Resp. at 10-12.) Defendant, however, argues that the Separation Agreement (1) requires no individual, discretionary determination of benefits, and (2) the benefits of the plan, while paid over a period of time, are not "ongoing." (Def.'s Mot. at 4-5.)

6

First, the Separation Agreement satisfies the discretion factor because it contemplates employer discretion in determining eligibility in a degree similar to that found by the court in *Swinney v. Gen. Motors Corp.*, 46 F.3d 512 (6th Cir. 1995). In *Swinney*, the court found the severance plan at issue required "'analyz[ing] each employee's particular circumstances in light of appropriate criteria,'" 46 F.3d at 517 (quoting *Sherrod*, 33 F.3d at 638), because computation of benefits required calculating years of seniority with the employer, "credits" with the employer, and amounts of money located in a "fund" sponsored by the employer. *Swinney*, 46 F.3d at 516. Likewise, in *Kolkowski*, the court found that the employer possessed more discretion than the "simple, mechanical function that the Court encountered in *Sherrod*" because under the severance plan the plan administrator determined whether "the benefits offered by an acquiring company were 'at least comparable' to the prior benefits" and "computed the seniority status of each employee in order to calculate the amount of severance pay and benefits due." *Kolkowski*, 448 F.3d at 849. While the court acknowledges that calculating "each year of service" of an "eligible active employee" (Pl.'s Resp. Ex. 2 ¶ 1) is the type of "simple, mechanical function that the Court encountered in *Sherrod*," *Kolkowski*, 448 F.3d at 849, the court finds that Defendant did exercise discretion regarding computation of "age" and "service" for purposes of the retirement grow-in provision. (Pl.'s Resp. Ex. 2 ¶ 7.); *see Swinney*, 46 F.3d at 516.

Second, the Separation Agreement also satisfies the on-going factor because it includes the type of provisions that create an "on-going demand on employer assets," *see Cassidy*, 308 F.3d at 616, and necessitate an "administrative scheme" for "financial coordination and control . . . for processing claims and paying benefits," *Fort Halifax*,

7

482 U.S. at 12. In *Shahid v. Ford Motor Co.*, 76 F.3d 1404 (6th Cir. 1996), the Sixth Circuit found that an ERISA plan existed because the severance plan at issue entailed the type of periodic demands on assets the Supreme Court discussed in *Fort Halifax*.[3] *Shahid*, 76, F.3d at 1409-10. In particular, the severance plan in *Shahid* provided for (1) a substantial severance payment; (2) professional re-employment assistance; (3) continuance of medical (excluding dental and vision) and life insurance coverage up to one year; and (4) a retirement "grow-in" provision. *Id.* at 1410. The Separation Agreement in the instant case provides the same kinds of benefits: (1) separation pay based on years of service (Pl.'s Resp. Ex. 2 ¶ 1); (2) continued medical insurance, life insurance, and dental insurance for up to six months, or for the duration of separation payments (Pl.'s Resp. Ex. 2 ¶¶ 4-6); (3) a retirement "grow-in" provision (Pl.'s Resp. Ex. 2 ¶ 7); and (4) outplacement services (Pl.'s Resp. Ex. 2 ¶ 14). Defendant argues that under *Nelson v. Gen. Motors Corp.*, No. 97-1067, 1998 WL 415993 (6th Cir. July 7, 1998),[4] the Separation Agreement does not constitute an ERISA plan. (Def.'s Mot. at 5.) The Sixth Circuit found that a severance plan that provided for (1) a lump sum

---

[3] The *Shahid* court is one of the few Sixth Circuit cases that does not specifically address the factor of employer discretion in administration of the plan in determining that the severance plan constituted an ERISA plan. Nonetheless, the *Shahid* court did recognize that ERISA plans were those in which an employer "'analyze[d] each employee's particular circumstances in light of the appropriate criteria,'" recognizing that plans with discretion to make such individual determinations satisfied the requirements of an ERISA plan. 76 F.3d at 1409 (quoting *Sherrod*, 33 F.3d at 638).

[4] Unpublished decisions in the Sixth Circuit are not binding precedent, *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996) (holding that unpublished opinions "carry no precedential weight [and] . . . have no binding effect on anyone other than the parties to the action"), but their reasoning may be "instructive" or helpful, *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 593 (6th Cir. 2004).

payment based on seniority and (2) a choice between several plans for a temporary continuance of health insurance did not constitute an ERISA plan. *Nelson*, 1998 WL 415993, *1. However, the *Nelson* court specifically distinguished the severance plan at issue from the *Shahid* severance plan because the former did not include re-employment assistance or a retirement grow-in provision. *Nelson*, 1998 WL 415993, *4.

Given that the Separation Agreement cedes some discretion to the employer and places an on-going demand on employer assets, the court finds that the Separation Agreement constitutes an ERISA plan.[5] Because the Separation Agreement constitutes an ERISA plan, Plaintiffs have stated a claim under ERISA for breach of fiduciary duty.[6] *See* 29 U.S.C. §§ 1004(a), 1132(a). Therefore, the court will deny Defendant's motion to dismiss on this issue.

---

[5] Defendant further argues that the court should nonetheless grant its motion to dismiss because Plaintiffs have not exhausted their administrative remedies. "The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). Generally, this rule requires plaintiffs to proceed first through any grievance or appeals process provided in the ERISA plan at issue. *See* 29 U.S.C. § 1133(2) (requiring ERISA plans to contain administrative remedies for plan participants); *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 90-91 (6th Cir. 1997). Such a proceeding is included in the Separation Agreement; however, any argument regarding whether the parties complied with the administrative process seems premature, given that the matter of whether the Separation Agreement constitutes an ERISA plan, and thus whether the exhaustion requirement even applies, is only resolved by this order.

[6] Plaintiffs state in their Response, however, that if this court finds that ERISA preempts their state law claims, they intend to petition the court to allow the addition of a claim for denial of benefits to their Complaint. (Pl.'s Resp. at 14 n. 2.) The court will likely grant such a petition. *See* Fed. R. Civ. P. 15(a)(2); *In re Gen. Motors Corp.*, 3 F.3d 980, 985 (6th Cir. 1993) ("[Plaintiff] must be afforded an opportunity to amend his complaint to plead a cause of action under ERISA.").

## B. State Law Claims

In addition to Plaintiffs' claim under ERISA, 29 U.S.C. § 1104(a), Plaintiffs assert three state law claims: (1) breach of contract, (2) fraud, and (3) innocent misrepresentation. (Pl.'s Compl. ¶¶ 17-35.) Defendant argues, and Plaintiffs agree, that ERISA preempts Plaintiffs' state law claims.[7] (Def.'s Mot. at 6.) ERISA explicitly preempts state law: "the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Furthermore, ERISA grants federal courts jurisdiction over civil enforcement claims. 29 U.S.C. § 1132(e). The Supreme Court has said that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54-56 (1987)). ERISA has "'extraordinary pre-emptive power'" that "'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Davila*, 542 U.S. at 209 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). "[I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls 'within the

---

[7] During the hearing, counsel for both parties again stated their agreement that if an ERISA plan exists, ERISA preempts Plaintiffs' state law claims.

scope of' ERISA." *Davila*, 542 U.S. at 210 (citing *Metro. Life Ins. Co.*, 481 U.S. at 66 (holding that ERISA preempted state law contract and tort claims in a suit for recovery of benefits under an ERISA plan)). "Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA remedies were permitted, even if the elements of the state cause of action did not precisely duplicate the elements of an ERISA claim." *Davila*, 542 U.S. at 216.

Plaintiffs' state law claims (for breach of contract, fraud, and innocent misrepresentation) "duplicate[], supplement[], or supplant[]" Plaintiffs' ERISA claim for breach of fiduciary duty under 29 U.S.C. § 1104(a). *See Davila*, 542 U.S. at 209. Plaintiffs' ERISA state law claims are not "independent" of Plaintiffs' ERISA claims because the state law claims "derive[] entirely from the particular rights and obligation established" by the ERISA plan, i.e., the Separation Agreement. *See Davila*, 542 U.S. at 213. Whether Defendant breached the Separation Agreement (Pl.'s Compl. ¶¶ 34-35), whether Defendant committed fraud regarding Plaintiffs' benefits under the Separation Agreement (Pl.'s Compl. ¶¶ 22-25), and whether Defendant committed innocent misrepresentation regarding preventing Plaintiffs' from terminating employment under the Separation Agreement (Pl.'s Compl. ¶¶ 28-30), constitute claims that "derive[] entirely from the particular rights and obligation[s]" of the Separation Agreement itself. *See Davila*, 542 U.S. at 213; *see also Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990) (finding that ERISA preempts a state law wrongful discharge claim when the discharge was based on employer's desire to avoid making contributions to an ERISA plan). Indeed, the court in *Davila* noted, "The limited remedies available under ERISA

11

are an inherent part of the 'careful balancing' between ensuring fair and prompt enforcement of rights under a plan and the encouragement of the creation of such plans." *Davila*, 542 U.S. at 215 (citing *Pilot Life Ins. Co.*, 481 U.S. at 55). Thus, the court finds that ERISA preempts Plaintiffs' state law claims.[8]

## V. CONCLUSION

For the reasons stated above, IT IS ORDERED that the Defendant's motion to dismiss [Dkt. # 7] is DENIED.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: October 27, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 27, 2008, by electronic and/or ordinary mail.

          s/Lisa G. Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

---

[8] Defendant argues in its brief that if no ERISA plan exists, § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, nonetheless preempts Plaintiffs' state law claims. The court finds that it need not reach this issue. An ERISA plan does exist, and ERISA preempts the state law claims. Both parties concede this point in their respective briefs (Def.'s Mot. at 6; Pl.'s Resp. at 13.) and confirmed their positions again during oral argument.