UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DOTSON, et al.,

    Plaintiffs,

v.                            Case No. 08-CV-13118

ARKEMA, INC.,

    Defendant.
                                           /

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL ARBITRATION**

Pending before the court is a motion to compel arbitration by Plaintiffs Allen Dotson, Eddie Citchen, Mark Jarvis, Kenneth Oakley, Carlton Reeves, and Steven Zenker, filed on November 26, 2008. Having reviewed the briefs in the case, the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiffs' motion to compel arbitration.

**I. BACKGROUND**

On July 21, 2008, Plaintiffs filed this action. In their first amended complaint, Plaintiffs allege breach of fiduciary duty and denial of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. (Pls.' Am. Compl. ¶¶ 17-35.) On February 28, 2006, Defendant Arkema, Inc. and The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("Union") signed an agreement of terms of separation in preparation for the closing of Defendant's manufacturing plant ("Separation Agreement"). (Pls.' Am. Compl. ¶ 7.) Plaintiffs seek to compel Defendant to arbitrate

Plaintiffs' claims by invoking the dispute resolution provision of the Separation Agreement ("Arbitration Clause"). The Arbitration Clause of the Separation Agreement provides in relevant part:

> (11) **Dispute Resolution**: Any dispute over the interpretation of this Agreement will be subject to binding arbitration in accordance with the procedures outlined in the Labor Agreement with the normal rules of selection of arbitrator and sharing of cost applicable.

(Pls.' Mot. Ex. 1 ¶ 11). By its terms, the Arbitration Clause incorporates the arbitration procedure outlined in the March 1, 2006 collective-bargaining agreement ("Labor Agreement") between Defendant, the Union, and the Union's local bargaining unit, Local 2-591 ("Local 2-591"). The relevant portion of the Labor Agreement states:

> If no agreement is reached . . . within the time limits provided and if the dispute involves the interpretation or meaning of a provision of this Agreement or an alleged violation thereof, the Union may submit the grievance to arbitration by notifying the Company in writing within fifteen (15) days.

(Def.'s Resp. Ex. A ¶ 26.)

In its order of October 27, 2008, this court found that the Separation Agreement constituted an ERISA plan under 29 U.S.C. § 1002(1). (10/27/08 Order.) Now Plaintiffs seek to compel arbitration in accord with the Separation Agreement, ERISA, and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. Defendant argues that Plaintiffs never became party to the Separation Agreement; only the Union can enforce the Arbitration Clause; and that the Arbitration Clause does not cover disputes such as Plaintiffs'.

## II.  STANDARD

The Federal Arbitration Act ("FAA") requires that a court, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not

2

in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. The statute further provides for a stay of other proceedings "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

There is a well-known presumption of arbitrability for labor disputes: "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960). But because a party may be compelled to arbitrate only when it has agreed to do so, a court must first decide whether the subject matter of a particular grievance is arbitrable. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648-51 (1986).

### III. DISCUSSION

Plaintiffs argue that the Separation Agreement's Arbitration Clause requires Defendant to submit Plaintiffs' claims to arbitration. (Pls.' Mot. at 1.) However, Defendant contends that Plaintiffs are not party to the Separation Agreement and therefore cannot enforce the Arbitration Clause. (Def.'s Resp. at 2.) Defendant also maintains that the Arbitration Clause does not cover Plaintiffs' dispute. (Def.'s Resp. at 3.)

"Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls

within the substantive scope of that agreement." *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (citing *AT&T Techs., Inc.*, 475 U.S. at 649). The two agreements at issue are the Separation Agreement, executed by the Defendant and the Union, and the underlying Labor Agreement, executed between the Defendant, the Union, and Local 2-591. The Arbitration Clause contained within the Separation Agreement provides that:

> 11) **Dispute Resolution**: Any dispute over the interpretation of this Agreement will be subject to binding arbitration in accordance with the procedures outlined in the Labor Agreement with the normal rules of selection of arbitrator and sharing of cost applicable.

(Pls.' Mot. Ex. 1 ¶ 11.) The agreement referenced in the Separation Agreement as the Labor Agreement states:

> If no agreement is reached . . . within the time limits provided and if the dispute involves the interpretation or meaning of a provision of this Agreement or an alleged violation thereof, the Union may submit the grievance to arbitration by notifying the Company in writing within fifteen (15) days.

(Def.'s Resp. Ex. A ¶ 26.) However, the parties dispute whether a valid agreement to arbitrate Plaintiffs' claims under these provisions exists between them. (Pls.' Mot. at 1; Def.'s Resp. at 2.)

To decide whether compelling arbitration is appropriate, the court must first determine whether Plaintiffs and Defendant agreed to arbitrate claims such as Plaintiffs'. *See Javitch*, 315 F.3d at 624. Defendant argues that Plaintiffs have admitted that they are not party to the Separation Agreement because it constituted an offer the Plaintiffs never accepted. (Def.'s Resp. at 2.) In response, Plaintiffs contend only that the Separation Agreement is indeed an agreement which has been signed, or in the

4

alternative, that Plaintiffs accepted the offer by continuing to work.  (Pls.' Reply at 2 n.1.)

Defendant and Union signed the Separation Agreement and constitute the parties who have made an agreement to arbitrate and who can enforce it.  (Pls.' Mot. Ex. 1.)  In addition, under the terms of the Labor Agreement, the parties have agreed to arbitrate only those matters that the Union submits to arbitration.  (Def.'s Resp. Ex. A ¶ 26.)  The agreement to arbitrate at the behest of the Union neither specifies nor implies an opportunity for individual employees to submit a claim to arbitration.  Individual employees may not enforce an arbitration agreement between an employer and a union.  Were courts to depart form this rule, the utility and efficacy of unions would be thwarted.  *See Vaca v. Sipes*, 386 U.S. 171, 191-92 (1967).  In the context of enforcing arbitration provisions, the Supreme Court explained the logic of such a provision:

> If the individual employee could compel arbitration of his grievance regardless of its merit, the settlement machinery provided by the contract would be substantially undermined, thus destroying the employer's confidence in the union's authority and returning the individual grievant to the vagaries of independent and unsystematic negotiation.  Moreover, under such a rule, a significantly greater number of grievances would proceed to arbitration.  This would greatly increase the cost of grievance machinery and could so overburden the arbitration process as to prevent it from functioning successfully.

*Vaca*, 386 U.S. at 191-92; *see also Marentette v. Local 174, United Auto. Aerospace and Agric. Workers of Am.*, 907 F.2d 603, 614 (6th Cir. 1990); 20 Williston on Contracts § 56.29 (4th ed.) ("Moreover, an individual employee has no standing to enforce an arbitration provision or to vacate or enforce an arbitration award.").  Because the parties have not agreed to arbitrate this dispute, s*ee Javitch,* 315 F.3d at 624, these Plaintiffs cannot enforce the Arbitration Clause.

Plaintiffs nonetheless argue that because they are allegedly "participant[s]" or "beneficiar[ies]" under 29 U.S.C. § 1002, they can bring personal actions to enforce their rights pursuant to ERISA, 29 U.S.C. § 1132. Plaintiffs contend that their rights under ERISA include the statutorily-mandated "reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). Under the Code of Federal Regulations, employers subject to ERISA must establish certain procedures for review of adverse benefit determinations. S*ee, e.g.*, 29 C.F.R. § 2560.503-1(b). In their briefs, however, Plaintiffs conflate an ability as participants to bring an action under ERISA with their ability as individual members of the Union to enforce the Arbitration Clause of the Separation Agreement. While ERISA requires Defendant to have a procedure in place by which employees may have a "full and fair review" of adverse claim determinations, 29 C.F.R. § 2560.503-1(h)(1), the lack of an ERISA-compliant procedure does not give rise to its own cause of action, rather,

> [i]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(l). Therefore, even if Defendant denied Plaintiffs a "full and fair review," 29 C.F.R. § 2560.503-1(h)(1), Plaintiffs' remedy is not the ability to compel arbitration, but that they "shall be deemed to have exhausted the administrative remedies," 29 C.F.R. § 2560.503-1(l). *See also Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) ("Nothing in the regulations or in the statute,

however, expressly provides for a recovery from either the plan itself or from its administrators if greater time is required to determine the merits of an application for benefits. . . . This provision therefore enables a claimant to bring a civil action to have the merits of his application determined, just as he may bring an action to challenge an outright denial of benefits."); *Hughes v. Zurz*, Nos. 07-3102, 07-3211, 2008 WL 4488891, *10 (6th Cir. Oct. 6, 2008) ("[W]e believe that it would be more reasonable to interpret 29 C.F.R. § 2560.503-1(l) as explaining that exhaustion of remedies will not be required when claim procedures are deficient."). Accordingly, ERISA does not grant Plaintiffs a cause of action to require arbitration in the instant case.

## V. CONCLUSION

For the reasons stated above, IT IS ORDERED that the Plaintiffs' motion to compel arbitration [Dkt. # 19] is DENIED.

                                                    s/Robert H. Cleland
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated: January 21, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 21, 2009, by electronic and/or ordinary mail.

                                                    s/Lisa G. Wagner
                                                    Case Manager and Deputy Clerk
                                                    (313) 234-5522